AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Western District of New York

| | |
|---|---|
| United States of America <br> v. <br> MICHAEL O'NEILL <br><br> *Defendant(s)* | Case No. 15-M- 2116 |

FILED JUL 23 2015 MICHAEL J. ROEMER, CLERK WESTERN DISTRICT OF NY

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __July 21, 2015__ in the county of __Niagara__ in the __Western__ District of __New York__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 26 U.S.C. § 5861(d) | Possession of a firearm not registered to the defendant in the National Firearms Registration and Transfer Record |

This criminal complaint is based on these facts:
See attached Affidavit of ATF Special Agent Paul E. Brostko.

☑ Continued on the attached sheet.

*Complainant's signature*

Paul E. Brostko, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 7/23/15

*Judge's signature*

City and state: Buffalo, New York    Hugh B. Scott, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT

STATE OF NEW YORK )
COUNTY ERIE      ) SS:
CITY OF BUFFALO  )

**Paul E. Brostko,** a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United States Department of Justice, Buffalo, New York, having been duly sworn, states as follows:

1. I am a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter ATF) and am presently assigned to the Buffalo, New York Field Office. I have been employed as an ATF Special Agent for 8 years. I have prepared and assisted in the execution of numerous search and arrest warrants for, and been involved in numerous criminal investigations of, various violations of the Federal Firearms and Explosives Laws.

2. This affidavit is submitted in support of a Criminal Complaint charging **Michael O'Neill** with a violation of Title 26, United States Code, Section 5861(d) (Possession of a firearm not registered to the defendant in the National Firearms Registration and Transfer Record).

3. The information within this affidavit is based upon my personal knowledge and observations, as well as information supplied to me by other Special Agents of the ATF

1

and other law enforcement personnel. Because this affidavit is being submitted for a limited purpose, I have not included each and every fact known to me concerning this investigation.

4. On or about July 21, 2015, the Niagara County Sheriff's Office responded to a call regarding an injury at 6761 Walmore Road, Wheatfield, NY. When emergency personal arrived at the scene they discovered Michael C. O'Neill with a significant injury to his lower leg. Shortly thereafter, in order to ensure the scene was safe, personnel from the Erie County Bomb Squad entered the unattached garage of the residence where the explosion occurred.

5. While in the garage, officers discovered what appeared to be an area of the garage where explosive devices were being manufactured. Officers discovered what appeared to them to be an explosive powder and BB's in plain view. Upon further inspection, Bomb Squad personnel discovered what preliminarily appeared to be seven improvised explosive devices. Six of the devices were constructed of hard cardboard tubing, sealed ends, and a fuse. One of those devices was labeled, "Powder w/Nails." An additional device was made out of a flash light with sealed ends and hole with a wick coming from the center. Other items discovered on the property include two pill bottles labeled as flash powder, one bag of potassium perchlorate, thirty-six shotgun shells reloaded with fragments inside, one plastic bottle of triple seven powder, one plastic box of triple seven pellets, and plastic bottle labeled as triple seven powder.

6. On July 21, 2015, ATF Special Agent Jason Bernhard and Niagara County Sheriff's Department Investigator William Evans interviewed Michael O'Neill at the Erie County Medical Center. During the interview Special Agent Bernhard asked O'Neill what he was doing in the garage when the explosion and subsequent injuries occurred. O'Neill stated that previously he had watched a video on YouTube regarding stump removal and had made a couple of M80's. When the explosion occurred, O'Neill stated he was using extra materials from the M80's to make "something." O'Neill explained that while making "something" he was using a heat gun, which ignited what he was making. He dropped the item he was making on the floor of the garage and attempted to stomp it out when it exploded. Special Agent Bernhard asked O'Neill about the other devices in the garage. O'Neill admitted that all the devices in the garage were his.

7. On July 22, 2015, Erie County Sheriff's Bomb Squad Commander Dan Walczak x-rayed the device labeled "Powder w/Nails." The x-ray revealed nails packed into the device. The device was then disassembled. Inside the device were multiple nails, BB's and suspected flash powder.

8. On July 22, 2015 your affiant conducted a records check through the National Firearms Act (NFA) Branch in order to determine if Michael O'Neill had any NFA firearms registered to him. The check concluded that Michael O'Neill does not have any NFA registered firearms.

WHEREFORE, based upon the foregoing, your affiant respectfully request that a Criminal Complaint be issued as there is probable cause to believe that **Michael O'Neill** committed a violation of Title 26, United States Code, Section 5861(d) and prays that a Criminal Complaint as aforesaid issue.

_____
PAUL E. BROSTKO
Special Agent
Bureau of Alcohol, Tobacco, and Firearms

Sworn to before me this 23rd
day of July, 2015.

_____
HONORABLE HUGH B. SCOTT
United States Magistrate Judge