UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

United States of America

DECISION AND ORDER

v.

15–CR–151W

Michael O'Neill,

Defendant.

On February 26, 2016, defendant Michael O'Neill ("O'Neill") filed omnibus pretrial motions. (Dkt. No. 46.) The motions include a motion to suppress statements that O'Neill allegedly made during one or more interviews with law enforcement agents while he was convalescing at the Erie County Medical Center ("ECMC"). The motion raises objections about the voluntary or adversarial nature of the interviews. The Government opposes the motion because O'Neill has not submitted an affidavit of relevant facts based on personal knowledge. Without a detailed affidavit, according to the Government, O'Neill cannot raise an issue of fact requiring a hearing. The Government contends that the statements from defense counsel in the motion are vague, lack personal knowledge, and cannot by themselves justify hearing.

The Court harbors some concern about how O'Neill's medical status might have affected the nature of the interviews. Specifically, the Court does not know how soon after surgery the interviews occurred, what medications O'Neill may have been taking at the time, or whether O'Neill had a diminished capacity to terminate consensual interviews. Nonetheless, the Government is correct about the absence of factual affidavit. "[T]he Court has discretion to deny

a hearing where, as here, the defendant's papers fail to create a dispute over a material fact, where, as here, the defendant fails to support the factual allegations of the motion with an affidavit from a witness with personal knowledge, or where the issue involved is purely one of law." *U.S. v. Carter*, No. 11-CR-121-A, 2012 WL 4721117, at *2 (W.D.N.Y. Sept. 11, 2012) (Schroeder, *M.J.*) (citations omitted), *report and recommendation adopted*, No. 11-CR-121A, 2012 WL 4713900 (W.D.N.Y. Oct. 3, 2012); *see also, e.g., U.S. v. Polanco*, 37 F. Supp. 2d 262, 264 (S.D.N.Y. 1999) ("In seeking to vindicate rights under the Fourth or Fifth Amendments, a defendant is required to submit a sworn affidavit in order to obtain a suppression hearing.") (citations omitted).  For the sake of reaching the merits of the motion, the Court will give O'Neill a limited opportunity to correct the factual deficiency.  On or before April 20, 2016, O'Neill must file a satisfactory factual affidavit in support of his motion to suppress evidence from the interviews.

If O'Neill files a satisfactory affidavit then the Court will schedule an evidentiary hearing for the motion in question.  The Court has reviewed the parties' papers and the record so far and is satisfied that a hearing on O'Neill's other motions will not be necessary.

Speedy-trial time remains excluded because pretrial motions remain pending.

SO ORDERED.

__/s *Hugh B. Scott*_____
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: April 12, 2016